UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
NINO TEVDORASHVILI and JONI JIKIDZE,

                    Plaintiffs,

           - against -

QATAR AIRWAY,

                    Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-1379 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

Plaintiffs Nino Tevdorashvili and Joni Jikidze ("Plaintiffs"), proceeding *pro se*, commenced this action against Defendant Qatar Airways Q.C.S.C. (incorrectly sued as "Qatar Airway," hereinafter "Defendant" or "Qatar Airways") on December 22, 2023, in the Supreme Court of the State of New York, Queens County.  Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1330(a) and 1441(d).

Before this Court is Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  For the reasons set forth below, Defendant's motion to dismiss for lack of personal jurisdiction is granted, and Plaintiffs' Complaint is dismissed in its entirety.

**BACKGROUND**

**I.     Factual Background**[1]

This dispute arises from an incident that occurred on July 8, 2023, at John F. Kennedy International Airport ("JFK Airport") when Plaintiffs and their two children arrived for their Qatar

---

[1] The Court notes that the following facts are drawn from Plaintiffs' Complaint, (Dkt. 1-1), as well as Plaintiffs' submissions in opposition to Defendant's motion to dismiss, (Dkt. 14).  As a

Airways flight, QR 702, from New York to Doha, Qatar.  (*See* Compl., Dkt. 1-1 at ECF 4–6; Pls.'

Opp., Dkt. 18 at ECF[2] 18.)  On or about July 30, 2022, Plaintiffs purchased roundtrip tickets for

Qatar Airways flights from Tbilisi, Georgia to New York City, with stops in Doha, Qatar in both

directions.  (Pls.' Opp., Dkt. 18 at ECF 18.)  When Plaintiffs attempted to check in for their return

flight out of JFK Airport on July 8, 2023, a disagreement arose related to Plaintiffs' baggage

allowance.  (Compl., Dkt. 1-1 at ECF 5; Pls.' Opp., Dkt. 18 at ECF 14.)  Plaintiffs claim that

Defendant called the police on them for "no apparent reason."  (Compl., Dkt. 1-1 at ECF 4.)

Plaintiffs state that they were then denied boarding, told that the airline would refund and issue

new tickets within 24 hours, and told to come back the following day.  (*Id.* at ECF 4–5.)  After

Plaintiffs purchased new tickets and returned the next day, they allege that they were again denied

boarding and that the police were called on them a second time.  (*Id.* at ECF 5–6.)  Plaintiffs claim

that they submitted "100 ticket numbers" with Defendant to have this matter resolved but

Defendant did not answer them or return their money.  (*Id.* at ECF 5.)

## II.    Procedural Background

Plaintiffs filed this action in the Supreme Court of the State of New York, Queens County,

on December 22, 2023, under Index No. 727115/2023.  (*Id.* at ECF 4–7.)  Though *pro se* Plaintiffs'

handwritten Complaint is difficult to read and does not set forth specific causes of action, their

central allegations are that Defendant denied them boarding without a refund, blacklisted them

---

general matter, in considering a motion to dismiss, courts can consider documents that are "attached to the complaint" or "incorporated into [it] by reference."  *ATSI Commc'n Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  *Pro se* plaintiffs are afforded a "special solicitude" and courts may also "consider materials outside of the [c]omplaint," including "materials that a pro se plaintiff attaches to [their] opposition papers" in deciding a motion to dismiss.  *Ceara v. Deacon*, 68 F. Supp. 3d 402, 410–11 (S.D.N.Y. 2014) (citations omitted).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

from the airline, accused them of harassment without evidence, and emotionally abused them.  (*Id.* at ECF 4–6.)

According to the Affidavit of Service, Plaintiffs' process server attempted to serve the Summons and Complaint by personal delivery on a Qatar Airways employee at JFK Airport, Terminal 8, on January 10, 2024.  (Aff. Serv., Dkt. 1-2 at ECF 2–3.)  The employee refused to accept service.  (*Id.*)  The process server then mailed the Summons and Complaint to JFK Airport and to Qatar Airways' Administrative Office located at 350 Fifth Avenue, Suite #7630, New York, New York 10118 on January 12, 2024.  (*Id.* at 3–4, 6.)  Defendant subsequently removed the action to this Court pursuant to 28 U.S.C. §§ 1330(a) and 1441(d) on the ground that Defendant is a "foreign state" under 28 U.S.C. § 1603(a).  (Not. Removal, Dkt. 1 at ¶¶ 3–4.)

On March 1, 2024, Defendant filed a pre-motion conference ("PMC") letter seeking to file a motion to dismiss.  (Dkt. 7.)  Plaintiffs responded to Defendant's PMC request in a letter dated March 15, 2024, but it was received by the Court on April 3, 2024.  (Dkt. 10.)  The Court denied Defendant's PMC request as unnecessary and set a briefing schedule for Defendant's motion.  (*See* 4/3/2024 Dkt. Order.)  The motion was fully briefed as of June 17, 2024.  (*See* Dkts. 15–20.)

## DISCUSSION

### I.       The Court Lacks Personal Jurisdiction Over Defendant

Defendant argues that this Court lacks personal jurisdiction over Defendant because Plaintiffs failed to effect service of process under 28 U.S.C. § 1608(b) ("Section 1608(b)"), which governs service on instrumentalities or agencies of a foreign state under the Foreign Sovereign Immunities Act ("FSIA").  (*See* Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Br."), Dkt. 17 at 5–7.)  Though Defendant frames this motion as a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), it can also be classified as a motion to dismiss under Rule 12(b)(5) for insufficient service of process.  *See Wilson v. Cuomo*, No. 21-CV-4815 (EK) (ST), 2022

WL 4644695, at \*3 (E.D.N.Y. Aug. 28, 2022), *R. & R. adopted*, 2022 WL 4662825 (E.D.N.Y. Sept. 30, 2022) ("A Rule 12(b)(5) motion is the proper procedural vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint."); *Lippus v. Dahlgren Mfg. Co.*, 644 F. Supp. 1473, 1476 (E.D.N.Y. 1986) (classifying a Rule 12(b)(2) motion for lack of personal jurisdiction under the FSIA as a Rule 12(b)(5) motion to dismiss for insufficient service). Plaintiffs do not address Defendant's arguments on personal jurisdiction or service of process in their opposition to the motion to dismiss. (*See generally* Pls.' Opp., Dkt. 18.) For the following reasons, the Court lacks personal jurisdiction over Defendant.

### A.     Legal Standard

"For a federal court to exercise personal jurisdiction over a defendant, 'the plaintiff's service of process upon the defendant must have been procedurally proper.'" *Westchase Residential Assets II, LLC v. Gupta*, No. 14-CV-1435 (ADS) (GRB), 2016 WL 3688437, at \*2 (E.D.N.Y. July 7, 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."). On both a 12(b)(2) motion for lack of personal jurisdiction and a 12(b)(5) motion for insufficiency of service of process, the plaintiff bears the burden of proof. *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citations omitted). Courts may consider "materials outside of the pleadings in determining whether service of process has been insufficient." *Keller v. Star Nissan, Inc.*, No. 07-CV-4551 (ENV) (SMG), 2009 WL 4281038, at \*4 (E.D.N.Y. Nov. 30, 2009).

**B.** **Plaintiffs' Attempted Service of Process Was Insufficient**

Under the FSIA, foreign states are presumptively immune from the jurisdiction of United States courts, subject to certain exceptions. *See* 28 U.S.C. §§ 1602–1607, 1330; *Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 813 (2d Cir. 2021). A "foreign state" under the FSIA includes "an agency or instrumentality of a foreign state as defined in subsection (b)." 28 U.S.C. § 1603(a). When a foreign state is subject to the jurisdiction of United States courts, Section 1608(b) of the FSIA "provides the exclusive means by which service of process may be effected." *Seramur v. Saudi Arabian Airlines*, 934 F. Supp. 48, 51 (E.D.N.Y. 1996). Only once service is made pursuant to Section 1608(b) does a United States court have personal jurisdiction over an agency or instrumentality of a foreign state. *See* 28 U.S.C. § 1330(b); *Brown v. Austrian Airlines*, No. 97-CV-3798 (CPS), 1997 WL 913334, at *3 (E.D.N.Y. Dec. 9, 1997) ("Once process is properly served, jurisdiction exists under 28 U.S.C. § 1330.")

1.  Defendant is an agency or instrumentality of a foreign state under the FSIA

Defendant argues that it is a "foreign state" as defined by the FSIA. (Def.'s Br., Dkt. 17 at 6.) Under the FSIA, a "foreign state" includes an "agency or instrumentality of a foreign state," and is any entity:

(1) which is a separate legal person, corporate or otherwise, and
(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
(3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

The Court agrees that Defendant is an agency or instrumentality of a foreign state under the FSIA as Defendant's affidavit notes that it is "a corporation duly organized and existing under the laws of Qatar," its "headquarters and principal place of business is located in Doha, Qatar,"

5

and it is "wholly owned by the State of Qatar."  (Def.'s Decl. Supp., Dkt. 16 ("Belarbi Decl.") at

¶¶ 2–3.); *see Seramur*, 934 F. Supp. at 51 (finding that Saudi Arabian Airlines, a corporation

wholly owned by, and created under the laws of, Saudia Arabia is an "agency or instrumentality

of a foreign state" under the FSIA).

2.      <u>Plaintiffs failed to serve Defendant pursuant to Section 1608(b)</u>

Defendant asserts that because a foreign state may only be served pursuant to the

procedures outlined in the FSIA, service of process here is insufficient.  (*See* Def.'s Br., Dkt 17 at

6–7.)  The Court again agrees.

Section 1608(b) provides several permissible methods of service of process.  First, Section

1608(b)(1) allows for service of process "by delivery of a copy of the summons and complaint in

accordance with any special arrangement for service between the plaintiff and the agency or

instrumentality." 28 U.S.C. § 1608(b)(1).  Neither Plaintiffs nor Defendant assert that such a

special arrangement for service exists between them.

If no special arrangement exists, Section 1608(b)(2) allows for service of process "by

delivery of a copy of the summons and complaint either to an officer, a managing or general agent,

or to any other agent authorized by appointment or by law to receive service of process in the

United States; or in accordance with an applicable international convention on service of judicial

documents." *Id.* § 1608(b)(2).  Plaintiffs' Affidavit of Service indicates that the process server

attempted personal delivery on one of Defendant's employees at JFK Airport, but the employee

refused to accept service.  (Aff. Serv., Dkt. 1-2 at ECF 2–3.)  Furthermore, according to the

declaration of Defendant's Airport Services Manager at JFK Airport, there "is no officer or agent

at [JFK Airport] that is authorized to accept service of legal documents on behalf of Qatar

Airways."  (Belarbi Decl. ¶ 4.)  Plaintiffs do not contest this and thus have not established that,

even if the employee had accepted the papers, this method of service would have been sufficient

under Section 1608(b).  *See Seramur*, 934 F. Supp. at 52 (holding that service did not comply with

Section 1608(b)(2) where [Defendant's] affidavit established that the person served was not

authorized to accept service, and [Plaintiff] did not dispute or respond to the allegation).

Finally, "if service cannot be made under paragraphs (1) or (2)," Section 1608(b)(3) allows

for service of the summons and complaint, with a translation of each into the foreign state's official

language, in one of three ways, "if reasonably calculated to give actual notice":

> (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
> (C) as directed by order of the court consistent with the law of the place where service is to be made.

28 U.S.C. § 1608(b)(3).  Here, Plaintiffs fail to allege that service could not be made under Section

1608(b)(1) or (2), and there is no evidence that Plaintiffs complied with any of the methods

prescribed in Section 1608(b)(3).  Though Plaintiffs mailed the Summons and Complaint to JFK

Airport and Defendant's administrative office in New York City, (Aff. Serv., Dkt. 1-2 at ECF 2–

3), service by mail under Section 1608(b)(3) must be dispatched by the clerk of court with a

translation into the foreign state's official language.  28 U.S.C. § 1608(b)(3)(B).  This did not

occur.

As Plaintiffs have failed to make a sufficient showing that service was valid under any of

the prescribed methods of Section 1608(b), the Court finds that service of process on Defendant

did not comply with the FSIA.  *See Azikiwe v. Nigerian Airways Ltd.*, No. 03-CV-6387 (FB) (CLP),

2005 WL 8160005, at *11–12 (E.D.N.Y. Aug. 24, 2005), *R. & R. adopted as modified*, 2005 WL

8160004 (E.D.N.Y. Sept. 12, 2005) (finding service invalid under the FSIA where plaintiffs failed

to establish compliance with any of the provided methods in Section 1608(b)).  Courts in the

Second Circuit "have required strict adherence to FSIA's requirements and have held that a failure

to follow these requirements deprives the court of jurisdiction." *Id.* at *9 (citing *Gray v. Permanent Mission of the People's Republic of the Congo to the United Nations*, 443 F. Supp. 816, 821 (S.D.N.Y. 1978), *aff'd*, 580 F.2d 1044 (2d Cir. 1978)).

Accordingly, due to insufficient service of process under the FSIA, this Court lacks personal jurisdiction over Defendant and this matter must be dismissed.

## II.    Futility of Perfecting Service of Process

Some courts in this Circuit have granted plaintiffs leave to cure defects in service after finding that service of process was invalid under the FSIA.  *See, e.g.*, *Lippus*, 644 F. Supp. at 1479 (granting plaintiffs 30 days to cure defects in service of process under the FSIA where the defects appeared readily curable, there was little tangible prejudice to the defendant, and the matter was already set to go to trial); *Brown*, 1997 WL 913334, at *4 (granting plaintiff's request for 30 days to perfect service of process under the FSIA where defendant's actual notice was clear and the deficiency could be easily cured).  *But see Seramur*, 934 F. Supp. at 52 (dismissing claims for invalid service of process under the FSIA).  Although Defendant had actual notice of this action as of January 25, 2024 and timely removed it on February 23, 2024, (Not. Removal, Dkt. 1 at ECF 2), in the interest of efficiency, the Court declines to grant Plaintiffs leave to perfect service. Not only have Plaintiffs made no attempt to show that service was proper or readily curable, but granting leave to perfect service in this case would be futile.

Plaintiffs assert only vague allegations related to the incident on July 8, 2023, claiming that they were prevented from boarding their flight without a refund, blacklisted from Defendant's airline, and emotionally abused by Defendant at JFK Airport.  (Compl., Dkt. 1-1 at ECF 4–6.) Though Courts construe *pro se* complaints liberally, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)) (noting that courts "liberally construe pleadings and briefs submitted by pro se litigants,

reading such submissions to raise the strongest arguments they suggest"), Plaintiffs' allegations here are unlikely to survive a subsequent motion to dismiss under Rule 12(b)(6).  To the extent that Plaintiffs' claims may be construed as state tort law claims, the Airline Deregulation Act preempts state law claims "having a connection with, or reference to [air] carrier rates, routes, or services," even if the "effect on rates, routes or services is only indirect."  *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 222 (2d Cir. 2008) (quoting *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008)) (internal quotations omitted).  Thus, while the Court need not reach Defendant's motion to dismiss under Rule 12(b)(6), it nonetheless declines to grant Plaintiffs leave to perfect service as doing so would be futile.

## CONCLUSION

The Court grants Defendant's motion to dismiss for lack of personal jurisdiction based on insufficient service of process under the FSIA, and Plaintiffs' Complaint is dismissed in its entirety.  The Clerk of the Court is respectfully directed to enter judgment and terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: December 3, 2024
      Brooklyn, New York